48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James C. SAUNDERS, Plaintiff-Appellant,
v.
Margarette GHEE; Ohio Adult Parole Authority, Defendants-Appellees.
 No. 94-4073.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 James C. Saunders moves for counsel on appeal from a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983, 1985(3), and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Saunders brought this civil rights action against the Chairperson of the Ohio Adult Parole Board and the Ohio Adult Parole Board alleging that he was given an 18-month continuance of his sentence by the Adult Parole Authority in July, 1992, and that after serving those 18 months, he was given three more years because he refused to admit to the crime of which he had been charged. He contended that the punishment given to him for failing to confess to a crime violates his constitutional right against self-incrimination. Although Saunders claimed that he is being illegally held in confinement, he did not request release from prison; rather, he sought compensatory and punitive damages against the defendants.
 
 
 4
 On May 11, 1994, Saunders filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56(a). On June 25, 1994, the defendants filed a motion to dismiss the action for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). In a memorandum opinion and order filed October 6, 1994, the district court denied Saunders's motion for summary judgment, granted the defendants' motion to dismiss, and dismissed the complaint with prejudice.
 
 
 5
 Upon review, we conclude that the district court correctly dismissed Saunders's civil rights complaint as Saunders undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 6
 Saunders's Sec. 1983 claim was properly dismissed. In order to recover damages in an action brought pursuant to 42 U.S.C. Sec. 1983 for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). See also Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Because a decision in Saunders's favor would necessarily imply that his confinement is invalid, his Sec. 1983 claim was properly dismissed. However, the judgment on the Sec. 1983 claim is modified to be without prejudice to Saunders's right to refile his claim if and when he successfully obtains a writ of habeas corpus. See Hadley, 753 F.2d at 516.
 
 
 7
 Saunders's Sec. 1985(3) claim was also properly dismissed. Conspiracy claims under Sec. 1985(3) must be pleaded with the same specificity as conspiracy claims under Sec. 1983. See Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984). Even under the most liberal construction, Saunders's complaint under Sec. 1985(3) merely alleges broad, conclusory language without the factual allegations necessary to support a conspiracy theory. Moreover, even if a conspiracy had properly been pleaded, the plaintiff must prove, among other elements, that the defendant was motivated by an intent to discriminate on the basis of race or some other class-based invidiously discriminatory animus. See United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 834-35 (1983); Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992). Saunders has failed to allege membership in a protected class and discrimination based upon such membership. The failure to allege membership in a protected class, and discrimination based upon such membership, required dismissal of Saunders's Sec. 1985(3) claim. See also Macko v. Bryon, 641 F.2d 447, 450 (6th Cir.1981) (per curiam); Smith v. Martin, 542 F.2d 688, 690 (6th Cir.1976) (per curiam), cert. denied, 431 U.S. 905 (1977). Additionally, since Sec. 1986 contains no substantive provisions and was enacted only to enforce Sec. 1985, Saunders's Sec. 1986 claim was properly dismissed. See 42 U.S.C. Sec. 1986; Harris v. Board of Educ., 798 F.Supp. 1331, 1346 (S.D.Ohio 1992).
 
 
 8
 Finally, Saunders's vague and conclusory allegations that the district court judge was biased and prejudiced does not warrant a discussion.
 
 
 9
 Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed but modified to be without prejudice to Saunders's right to refile his Sec. 1983 claim if and when he successfully obtains a writ of habeas corpus. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation