RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0015P (6th Cir.)
File Name: 03a0015p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JUDY LYNN TAHFS,
     *Plaintiff-Appellant/*
     *Cross-Appellee,*

  *v.*

WILLIAM N. PROCTOR;
MIRANDA K. PROCTOR,
     *Defendants-Appellees/*
     *Cross-Appellants.*

Nos. 00-1657;
01-1728/1798

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-70437—John Corbett O'Meara, District Judge.

Argued: July 30, 2002

Decided and Filed: January 14, 2003

Before: RYAN and BOGGS, Circuit Judges; HAYNES,
District Judge.[*]

---

[*]The Honorable William J. Haynes, Jr., United States District Judge
for the Middle District of Tennessee, sitting by designation.

1

_____

**COUNSEL**

**ARGUED:**    Michael S. Cafferty, VANDER MALE, BELLAMY & GILCHRIST, Detroit, Michigan, for Appellant.  Frank D. Eaman, BELLANCA, BEATTIE & DELISLE, Harper Woods, Michigan, for Appellees. **ON BRIEF:**    Michael S. Cafferty, VANDER MALE, BELLAMY & GILCHRIST, Detroit, Michigan, for Appellant. Frank D. Eaman, Steven J. Grobbel, BELLANCA, BEATTIE & DELISLE, Harper Woods, Michigan, for Appellees.

_____

**OPINION**

_____

RYAN, Circuit Judge.  The plaintiff, Judy Lynn Tahfs, appeals from the district court's order dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), the complaint Tahfs had filed under 42 U.S.C. § 1983 against William N. Proctor and Miranda K. Proctor, alleging that they had acted in concert with staff members of the Wayne County, Michigan, Third Circuit Court to obtain personal protection orders that violated Tahfs's First and Fourteenth Amendment rights.

Tahfs also appeals from the district court's order awarding the Proctors $6,865 in attorney fees, pursuant to Fed. R. Civ. P. 11 and 42 U.S.C. § 1988.  On cross-appeal, the Proctors argue that the district court abused its discretion when it failed to award $12,301.78 in attorney fees, as defense counsel had sought.

For the reasons set forth below, we AFFIRM the district court's dismissal of Tahfs's § 1983 claim.  However, because Tahfs's legal argument was not unreasonable, frivolous, or without foundation, we hold that the district court abused its discretion in awarding $6,865 in attorney fees, and we REVERSE that award.

## I. BACKGROUND

### A. Motion to Dismiss

From the early 1990s to October 1999, Judy Lynn Tahfs and William N. Proctor, a Detroit-based television reporter, carried on an extramarital affair. Tahfs alleges that after the affair ended, Proctor began a campaign of harassment and intimidation designed to prevent her from making public their relationship. Tahfs states that, due to the harassment, she intended in October 1999 to obtain a personal protection order (PPO), but that Proctor persuaded her not to file the petition. Shortly thereafter, Proctor and his wife, Miranda K. Proctor, filed their own petitions for PPOs against Tahfs. On October 25, 1999, the Wayne County Third Circuit Court issued separate *ex parte* PPOs for William and Miranda Proctor against Tahfs. In response, Tahfs filed a complaint in federal district court on January 26, 2000, alleging, in effect, corrupt complicity between the Proctors and unnamed personnel of the Wayne County Circuit Court to deprive Tahfs of her constitutional rights, as more fully detailed below.

Under Michigan law, a respondent has the right to bring a motion to rescind a PPO within 14 days of being served with notice or receiving actual notice of the PPO, Mich. Comp. Laws § 600.2950(13), and "the court shall schedule a hearing on the motion to modify or rescind the ex parte personal protection order within 14 days after the filing of the motion to modify or rescind." Mich. Comp. Laws § 600.2950(14). Despite Tahfs's attempts to obtain a timely hearing in the Wayne County Circuit Court to dissolve the PPOs, no hearing was held until April 27, 2000. When the hearing was finally held, Tahfs's counsel contended that the PPOs, as written, infringed upon his client's First Amendment rights. In addition to preventing her from having contact with the Proctors, the PPOs prevented Tahfs from "us[ing] individuals or media to harass, bother, threaten, i.e., presenting information, photos, details of past relationship." The state

court declined to set aside the PPOs, and instead, issued a new PPO preventing William Proctor from contacting Tahfs.

Tahfs then amended her previously filed § 1983 federal complaint and alleged, among other things, violation of her free speech and due process rights under the First and Fourteenth Amendments, respectively. Tahfs contended that the Proctors had acted in concert with state actors to deprive her of "her First Amendment rights because she cannot truthfully speak to third persons or media (or provide them with photos and documents) regarding the Defendants." Tahfs also claimed that the Proctors obtained the PPOs "corruptly," and that because staff members of the Wayne County Circuit Court acted jointly with the Proctors to obtain unconstitutional PPOs, the defendants were state actors for § 1983 purposes. In response, the Proctors filed a motion to dismiss.

At a hearing held in federal district court, Tahfs's counsel argued that once the Proctors obtained an "immediately enforceable state judgment," they could invoke the full power of the state and could be considered state actors for § 1983 purposes. The district court noted that while Tahfs may have been "disappointed . . . about the treatment [she] received by a clerk in the Wayne County Circuit Court," the complaint failed to make any showing that the defendants were state actors. In particular, the district court noted that Tahfs failed to allege any facts that would demonstrate that the defendants, or Wayne County Circuit Court staff members, had acted corruptly. The district court dismissed Tahfs's complaint, pursuant to Rule 12(b)(6).

### B. Rule 11 Sanctions and § 1988 Attorney Fees

On April 14, 2000, one month before the district court dismissed Tahfs's complaint, the Proctors' counsel *served* a motion for Rule 11 sanctions on Tahfs and, on the same date, counsel *filed* an identical motion with the district court. Apparently, counsel very soon recognized that by *filing* the Rule 11 motion contemporaneously with its *service* upon the plaintiff, counsel had failed to comply with Rule 11's "safe

undisputed facts in front of Tahfs's attorney at the time the complaint was filed. Much of what we have said with regard to the Rule 11 basis for awarding attorney fees on a sanction applies here, although the criteria for the two bases are not identical. In light of the repeated hearing delays, the inaccessible court files, and William Proctor's alleged threat, we hold that the filing of the § 1983 suit was neither "frivolous, unreasonable or groundless." *Id.* In short, this is not an "egregious case[]" that merits an award of § 1988 attorney fees. *Id.* at 547. As we have stated, Tahfs's complaint was inadequate, but not frivolous.

### III. CONCLUSION

Because Tahfs's complaint fails to provide more than bare allegations of state action, it does not make out an actionable claim, and we **AFFIRM** the district court's order dismissing her complaint pursuant to Rule 12(b)(6). However, because the complaint was not unreasonable within the meaning of Rule 11 under the circumstances, and because the filing of the § 1983 action did not constitute egregious conduct, we **REVERSE** the award of attorney fees under Rule 11 and § 1988.

## 2. § 1988 Attorney Fees

The district court's alternative basis for awarding the defendants attorney fees was § 1988. We do not disturb an award of attorney fees pursuant to § 1988 unless we conclude that the court abused its discretion in awarding them. *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir. 1995). "Because of 'the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters,' an award of attorneys' fees under § 1988 is entitled to substantial deference." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

"In any action or proceeding to enforce a provision of section . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b) (West Supp. 2002). However,

[a]n award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct. . . . A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

*Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (internal quotation marks and citations omitted). "[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). Therefore, "[t]o determine whether a claim is frivolous, unreasonable or groundless, the court must determine plaintiff's basis for filing the suit." *Riddle*, 266 F.3d at 548.

Properly focused on our task of "determin[ing the] plaintiff's basis for filing the suit," we again turn to the

harbor" provision. *See* Fed. R. Civ. P. 11(c)(1)(A). He therefore promptly filed a Notice of Withdrawal of Motion in the district court. Although the parties dispute the significance of defense counsel's non-compliance with the "safe harbor" provisions, for our purposes it is sufficient to note that on May 31, 2000, defense counsel refiled his motion for Rule 11 sanctions, requesting $6,865 in attorney fees and expenses. In addition, the Proctors petitioned the court for attorney fees pursuant to 42 U.S.C. § 1988(b), also seeking $6,865. The matter was referred to a magistrate judge for consideration.

The magistrate judge issued a Report and Recommendation concluding that Tahfs's complaint, even read liberally, failed to make out an actionable claim that the Proctors' PPOs violated Tahfs's First Amendment rights. The magistrate judge also held that the complaint's vague, unsupported allegations of corrupt joint action failed adequately to allege that the Proctors were state actors. The magistrate judge concluded that § 1988 fees and Rule 11 sanctions were "clearly warranted."

In a two-paragraph order, the district court accepted the magistrate judge's recommendation and, in a separate order, directed the parties to submit proposals for Rule 11 sanctions and applicable attorney fees. In response, the Proctors' counsel recalculated his estimated fees and costs and requested a total of $12,301.78. The district court then issued an order denying Tahfs's motion to reconsider the magistrate judge's recommendation and awarded defense counsel $6,865. The district court did not indicate the basis for its decision or how it arrived at the award amount.

## II. ANALYSIS

Before proceeding to the merits of the parties' argument, we address a threshold question raised by the defendants, concerning our jurisdiction to proceed. In their brief, the Proctors challenged whether we have appellate jurisdiction, noting that Tahfs's brief had omitted any reference to 28 U.S.C. § 1291, or some similar statute, when discussing

the basis for appellate jurisdiction. In addition, the Proctors contended that the pendency of the attorney fee issue rendered the Rule 12(b)(6) motion a non-final order. These arguments are without merit.

The involuntary dismissal of an action "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). When the district court dismissed Tahfs's complaint, it issued a final, appealable order. The plaintiff's failure to cite § 1291 is of no jurisdictional moment. Furthermore, the Supreme Court has adopted "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 202 (1988). We are satisfied that we have appellate jurisdiction.

### A. Motion to Dismiss

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Pfennig v. Household Credit Servs., Inc.*, 295 F.3d 522, 525 (6th Cir. 2002). "Although th[e] standard for Rule 12(b)(6) dismissals is quite liberal," the complaint must contain "either direct or inferential allegations respecting all the material elements" and the allegations must constitute "more than bare assertions of legal conclusions." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (internal quotation marks and citations omitted).

The district court dismissed Tahfs's § 1983 claim, holding that the Proctors could not be considered state actors for § 1983 purposes. "A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (internal quotation marks and citation omitted). A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

should have realized that his suit was unlikely to survive a Rule 12(b)(6) motion absent more specific allegations of corruption, that alone would not warrant the imposition of sanctions.

A review of the findings by the magistrate judge, which were adopted by the district court, are instructive. The magistrate judge began by examining Tahfs's First Amendment argument. Without citing any cases, he determined that the PPOs at issue did not infringe any of Tahfs's free speech rights. Next, he treated Tahfs's claims regarding corruption and joint action in the Wayne County Circuit Court as conspiracy allegations. Reviewing the "conspiracy claims" as statutory violations of 42 U.S.C. §§ 1985(3) and 1986, the magistrate judge concluded that Tahfs's allegations were conclusory, unsupported by facts, and vague. Based on these findings, the magistrate judge determined that "[i]t is clear that Plaintiff's complaint was lacking in factual support and unwarranted by existing law." While we agree that the magistrate judge's Report and Recommendation provides a forceful argument for dismissal of Tahfs's complaint pursuant to Rule 12(b)(6) for lack of factual specificity, it does not follow, therefrom, that "the claims . . . therein are [un]warranted by existing law," as the expression is used in Rule 11(b)(2). If that were so, almost any complaint dismissed under Rule 12(b)(6) would warrant the imposition of sanctions. Had the district court read Tahfs's complaint in a light most favorable to her, as it was obligated to do, we are convinced it would have seen that the filing of a federal complaint was not "unreasonable" under the circumstances. *See Mann*, 900 F.2d at 958. Tahfs's complaint was dismissed because it failed to provide the defendants sufficient notice regarding the actors who allegedly were corrupt and their allegedly corrupt actions. A complaint alleging conspiracy, whose essential deficiency is that it is lacking in sufficient factual detail and specificity, is not, perforce, "[un]warranted by existing law" or frivolous. A complaint does not merit sanctions under Rule 11 simply because it merits dismissal pursuant to Rule 12(b)(6). We conclude that attorney fees were not awardable under Rule 11.

basis to support the claims alleged in the complaint. But that was not the circumstance confronting the magistrate judge or the district court here. At the pleading stage in the litigation, ordinarily there is little or no evidence before the court at all, and such facts as are alleged, must be interpreted in favor of the nonmovant. While a party is bound by Rule 11 to refrain from filing a complaint "for any improper purpose," from making claims "[un]warranted by existing law," or from making "allegations and other factual contentions [without] evidentiary support," *see* Fed. R. Civ. P. 11(b)(1)-(3), making those determinations is difficult when there is nothing before the court except the challenged complaint. We do not dispute "that the central purpose of Rule 11 is to deter baseless filings in district court," *Cooter & Gell*, 496 U.S. at 393, and courts must be wary of plaintiffs who may make baseless allegations of state corruption in an effort to survive the early stages of § 1983 suits. But, "Rule [11] must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Id.* Rule 11 "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *McGhee v. Sanilac County*, 934 F.2d 89, 92 (6th Cir. 1991) (quoting Fed. R. Civ. P. 11 advisory committee's note).

Based on the undisputed facts set forth in the parties' briefs and discussed at oral argument, it appears that plaintiff's counsel's investigation showed the following: for unexplained reasons, Tahfs's hearing contesting the PPOs was repeatedly delayed; the files from the PPO were inaccessible to Tahfs's attorney when he attempted to access them at the courthouse; and Tahfs reported to her attorney that William Proctor, a local television news reporter, had threatened to use his "connections" in Wayne County Circuit Court staff members. On the basis of this information, the complaint was drafted and filed, apparently in the belief that discovery would both reveal the identity of the court staffers with whom Proctor allegedly had "connections," and reveal how those "connections" resulted in joint corrupt action. Those plans were frustrated by the defendants' timely motion to dismiss pursuant to Rule 12(b)(6). While Tahfs's attorney

Nevertheless, there are circumstances under which private persons may, by their actions, become "state actors" for § 1983 purposes. "Private persons, jointly engaged with state officials in [a] prohibited action, are acting under color of law for purposes of the statute. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (internal quotation marks and citation omitted). Therefore, a private party can fairly be said to be a state actor if (1) the deprivation complained of was "caused by the exercise of some right or privilege created by the State" and (2) the offending party "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Generally, "a private party's mere use of the State's dispute resolution machinery, without the 'overt, significant assistance of state officials,' cannot [be considered state action]." *Am. Mfrs.*, 526 U.S. at 54 (quoting *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 (1988)). Finally:

> This circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Ellison*, 48 F.3d at 195 (internal quotation marks and internal citations omitted).

Allegations in a plaintiff's complaint that a private citizen-defendant acted corruptly in concert with a state official may be sufficient to make out a claim that, as to the action in question, the defendant is a state actor. In *Dennis v. Sparks*, 449 U.S. 24 (1980), the Supreme Court examined a state court injunction that had been obtained though corrupt means. *Id.* at 28. The Court held that "[p]rivate parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983 . . . ." *Id.* at 29. *Dennis* accepted the allegations of corruption as true, and was more concerned with the legal question of whether private parties, who conspire with a judge, can be considered state actors when by law the judge is entitled to judicial immunity. Here we are concerned with the sufficiency of the allegation in the complaint as to the *alleged* action under color of law. In that connection, we have found it significant that the plaintiff failed to include in the complaint allegations that the private party sought "the state court restraining order in bad faith, with knowledge that an *ex parte* restraining order would be unconstitutional, or with an improper purpose." *Louisville Area Inter-Faith Comm. for United Farm Workers v. Nottingham Liquors, Ltd.*, 542 F.2d 652, 655 (6th Cir. 1976). As we recently noted, a § 1983 plaintiff's failure to allege that the "defendants petitioned the state courts in bad faith or with knowledge that obtaining an injunction would be unconstitutional" merited dismissal of the suit on the grounds that there is no state action. *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 692 (6th Cir. 2002).

Tahfs's state actor argument is predicated on two broad contentions. The first is based on allegations of corruption in the Wayne County Circuit Court. Tahfs has included in her complaint allegations that the Proctors' petitions for the PPOs were in bad faith and done with the knowledge that they would be unconstitutional. While Tahfs has made the allegations of corruption that were missing from the complaints filed in the *Nottingham Liquors* and *Gottfried* cases, Tahfs's general allegations of corruption fail to satisfy even the minimal notice pleading requirements of the Federal

**(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).

Rule 11 sanctions are appropriate when the district court determines that an attorney's conduct is not "reasonable under the circumstances." *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990). A good faith belief in the merits of a case is insufficient to avoid sanctions. *Id.*

Despite the considerable deference we owe the district court upon the review of Rule 11 sanctions, we are convinced that the district court "improperly applie[d] the law" of Rule 11(b)(1)-(3), and therefore abused its discretion when it granted the Proctors' Rule 11 motion. We recognize, of course, the illogic of equating an error of law with abuse of "discretion," but it is too late in the life of Rule 11 case precedent to unmake that rule of law. We reach our conclusion regarding the Rule 11 sanctions for two reasons. First, we believe that while Tahfs's state actor argument is ultimately unavailing, it was not completely unwarranted by existing law, nor did the complaint contain factual allegations unwarranted by the evidence. Although Tahfs failed to include more than bare, conclusory assertions in her complaint, and thus failed to plead with the requisite specificity necessary to make an actionable claim, she did not fail in this endeavor by a wide margin. This leads to our second point. As a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint. The situation is very different when sanctions are sought after discovery is complete and a motion for summary judgment under Fed. R. Civ. P. 56 is before the court, which charges the challenged pleader with failing to produce evidence of a sufficient factual

## B.  Rule 11 Sanctions and § 1988 Attorney Fees

The district court awarded the defendants $6,865 in attorney fees under both Rule 11 and § 1988.  We shall consider those bases in order.

### 1.  Rule 11

We review all aspects of a district court's imposition of sanctions pursuant to Rule 11 for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). An abuse of discretion occurs when the district court has relied on clearly erroneous findings of fact, when it improperly applies the law, or when it uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).  "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir.1991) (internal quotation marks and citation omitted).

Rule 11 states:

(b)  **Representations to Court.**  By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a).  In *Dennis*, the Supreme Court had before it a state appellate court ruling that clearly established that the state judge in question corruptly conspired with private actors and "illegally issued" an injunction prohibiting a third party from extracting oil.  449 U.S. at 25-26.  This case diverges from *Dennis* because there has been no previous finding that the Michigan judge, or any members of his staff, acted illegally in issuing the PPO.  Indeed, Tahfs assures us she is *not* claiming that the Michigan state court judge acted inappropriately when he issued the PPOs the Proctors requested.  Instead, Tahfs makes unverifiable allegations of "corruption" that center on a series of outcomes that have gone against her, including:  (1) the sealing of the files connected with the PPO proceedings; (2) the issuance of *ex parte* PPOs; and (3) the repeated adjournments of the PPO hearings.  Tahfs may not simply list a series of state court rulings that have not gone as she would have liked, make the conclusory allegation that they are the result of corruption, and expect to survive a Rule 12(b)(6) motion.  Michigan permits courts to seal certain files, M.C.R. 8.119(F), and to issue *ex parte* PPOs, Mich. Comp. Laws § 600.2950(12).  We find it significant that Tahfs does not argue that the state judge's decisions to suppress the files or issue the *ex parte* PPOs were wrong as matters of law.  Most significantly, Tahfs never identifies the state court actors with whom the Proctors allegedly conspired, other than to designate them as Wayne County Circuit Court staff members.  It is clear that, even with discovery, Tahfs could not identify these supposedly corrupt individuals because nowhere in her complaint can she identify *behavior*, as opposed to *outcomes*, suggesting corruption.  While we are cognizant of the liberal notice pleading standard that prevails under the Federal Rules of Civil Procedure, we are convinced that under no set of circumstances could Tahfs demonstrate, by the allegations made in her complaint, that staff members of the Wayne County Circuit Court undertook corrupt action in partnership with the Proctors.

Tahfs's second basis for argument centers on a decision from the Fifth Circuit holding that a party who obtains an

immediately enforceable state court judgment is a state actor for purposes of a § 1983 claim. *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291, 299 (5th Cir. 1979). The court stated:

> The crucial difference between a private party who has merely filed a civil suit in a state forum and the successful litigant who possesses an *immediately enforceable state judgment* is that in the latter case the full power and authority of the state can be invoked on behalf of the litigant.

*Id.* (emphasis added). Tahfs finds this case significant because, according to Michigan law, "A personal protection order is effective and immediately enforceable *anywhere in this state* when signed by a judge." Mich. Comp. Laws § 600.2950(9) (emphasis in original) (West Supp. 2002); *see* § 600.2950(21).

*Henry*, a non-binding Fifth Circuit decision, is a unique civil rights case involving a state court injunction barring protestors from boycotting merchants who refused to desegregate their shops. 595 F.2d at 299. After carefully studying *Henry*, we are satisfied that it is the quintessential hard-facts-make-bad-law case, and we decline to adopt its reasoning or conclusion The mere fact that the Proctors were able to secure an immediately enforceable PPO does not render them state actors. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28.

Applying the three-part state action test laid down by the court in *Ellison*, it is clear that by obtaining a PPO from a state court, a private litigant does not make himself or herself a state actor. First, Tahfs does not meet the "public function test," which "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Ellison*, 48 F.3d at 195. When applying this test, the court generally conducts an historical analysis to determine whether the private party has engaged in actions traditionally reserved

to the state. *Ellison*, 48 F.3d at 196. Here, Tahfs failed to provide any historical argument or analysis. "Considering that plaintiff bears the burden on this issue, this failure alone renders this test inapplicable." *Id.* Furthermore, it cannot be said that by obtaining a PPO the petitioner is taking over a state role. "More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). In fact, the state, through its courts and police powers, retains the authority and responsibility to enforce the PPO.

Under the "state compulsion test," it is clear that Michigan did not encourage or coerce the Proctors to file for a PPO; the state merely made it possible to obtain a PPO. In *Ellison*, the state provided a procedure allowing private physicians to commit mentally ill patients to the hospital, and it was held that the commitment action "completely leaves [the decision] to the private individual's discretion." *Ellison*, 48 F.3d at 196. As in *Ellison*, here the decision to seek a PPO is entirely the private decision of the petitioner.

Finally, under the "nexus test," Tahfs argues that based on her allegations of joint action, and construing the complaint liberally in her favor, she has pled a "sufficiently close relationship." *Id.* at 195. Yet, as discussed, Tahfs does nothing more than make conclusory allegations about corrupt joint action in the Wayne County Circuit Court without describing any corrupt action or identifying any corrupt actor. Tahfs's generalized and conclusory accusations do not meet even the low threshold necessary to survive a motion to dismiss. Tahfs's complaint does not satisfy the nexus test.

Because the plaintiff's complaint does not plead facts, which, if proved, would show the Proctors to be state actors for purposes of § 1983, the district court properly dismissed Tahfs's complaint.