NOT FOR PUBLICATION
File Name: 05a0393n.06
Filed: May 12, 2005

NOS. 04-5582/5584

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BRYCE DALLAS, et al., | ON APPEAL FROM THE UNITED STATES DISTRICT |
| Plaintiffs-Appellants, | COURT FOR THE MIDDLE |
| v. | DISTRICT OF TENNESSEE |
| ROBERT HOLMES, et al, | |
| Defendants-Appellees. | |

_____/

BEFORE:  SUHRHEINRICH and GILMAN, Circuit Judges; and ACKERMAN, District Judge[*].

**PER CURIAM.**  These consolidated appeals derive from orders of the district court dismissing the *pro se* complaints in companion cases under 28 U.S.C. § 1915(e)(2)(B)(i)(ii) and (iii). The central complaint in these cases is that the defendants conspired to bring about a criminal prosecution against Plaintiff Dallas in violation of 42 U.S.C. §§ 1983, 1985(3), and 1986; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  We **AFFIRM.**

### I. Background

### A. Facts and Procedural History

The two actions involved in this appeal arose out of a contract dispute between Defendant Robert Holmes and Plaintiff Bryce Dallas.  On April 18, 2000, Dallas and Holmes entered into a

_____

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

contract by which Dallas would construct a home for Holmes. At some point during construction, Holmes became dissatisfied and learned that Dallas did not have a proper contractor's license, and ordered Dallas to stop work. Holmes also obtained a copy of Dallas' certificate of liability insurance from Defendant Angela Adkins f/k/a Angela McCoy, a commercial lines customer service agent for Defendant Swallows Newman Insurance Agency, Inc. (hereinafter "the Swallows Defendants").

Holmes hired Defendants James Madewell and his firm (the "Madewell Defendants") to pursue civil action against Dallas. Madewell hired Defendant Allen Gullett, owner and operator of Defendant Gullett Construction Company (GCC), as an expert witness. Gullett inspected the residence and found it to be below acceptable building standards.

The Madewell Defendants filed two civil actions on behalf of Defendant Holmes in Tennessee court concerning the property. One of the suits was brought against Dallas individually and d/b/a Norsemen Construction, alleging fraud, violations of the Tennessee Consumer Protection Act, negligence, and breach of contract. The other civil suit was filed against Dallas, Norsemen, and Westfield Insurance Company, Dallas' insurance company, seeking a declaration of coverage under the Westfield policy. The two civil cases have now concluded.

On June 23, 2000, the Tennessee State Building Inspector inspected the construction and issued a stop work permit on the partially completed residence. In February 2003, a criminal indictment was issued by the Putnam County Grand Jury against Dallas for perjury and theft. On February 1, 2005, the Criminal Court of Putnam County, Tennessee entered an "Order of Nolle Prosequi" with prejudice as to Dallas.

On July 18, 2003, Plaintiffs Dallas, Jay Green and Anthony Olberding[1] filed a federal lawsuit, *pro se*, in the United States District Court for the Southern District of Mississippi alleging civil conspiracy against Robert Holmes, James Madewell, the Law Firm of Madewell, Jared Halfacre & Williams, District Attorney General William Gibson, Allen Gullett, Angela McCoy, and Swallows Newman Insurance Agency. Plaintiffs' claims included alleged violations of 42 U.S.C. §§ 1983, 1985(3), and RICO.

On August 5, 2003, Plaintiffs filed an amended complaint, adding as additional defendants twelve of the twenty-four County Commissioners for Putnam County, Tennessee, Putnam County Deputy Sheriff David Andrews, Putnam County Deputy Sheriff Danny Holmes, and Sheriff's secretary Mary Holmes.

On August 29, 2003, Plaintiff Dallas filed a 295-page summary judgment motion in the action. Plaintiff Jay Green filed his own motion for summary judgment. On September 19, 2003, the Mississippi federal court entered an order to stay pending resolution of the defendants' pending motions to dismiss, or in the alternative, motion for change of venue.

On October 2, 2003, the Mississippi federal court transferred the action to the United States District Court for the Middle District of Tennessee.[2] (United States District Court for the Middle District of Tennessee, Case No. 03-CV-114, Appellate No. 04-5584). On December 15, 2003, Federal District Judge William J. Haynes held a case management conference, where he indicated

---

[1]Green's and Olberding's relationship with Dallas is unclear from the pleadings. In any event, the pleadings vis-a-vis these plaintiffs fail to satisfy even the minimal notice pleadings requirements of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a).

[2]The cause of action arose in Tennessee and all of the defendants resided in Tennessee.

that no further motions would be filed until he made an initial determination as to whether Dallas'

complaint stated a ground upon which relief could be granted.

On February 6, 2004, Dallas, *pro se*, filed an action in the United States District Court for

the Middle District of Tennessee against Defendant Regina Holloway, an investigator in the

Tennessee Thirteenth Judicial District Attorney's Office; Jeffrey G. Jones, County Attorney for

Putnam County, Tennessee; and Brenda Barker, a local court reporter. (United States District Court

for the Middle District of Tennessee, Case No. 04-CV-00009, Appellate No. 04-5582). This case

is a companion case to the transferred case (Case No. 03-CV-114, Appellate No. 04-5584).

On March 9, 2004, the district court issued orders in both cases dismissing the complaints

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)(ii) and (iii), and further stated that an appeal of either order

would not be in good faith under 28 U.S.C. § 1915(a)(3).

### B. Case No. 2:03-114; Appeal No. 04-5584

The district court dismissed Plaintiffs' claims against Holmes, Madewell, the Madewell firm,

Gullett, GCC, McCoy and Swallows Newman Insurance Agency on the grounds that, to the extent

Holmes or any other Defendants testified in any state court proceeding, their testimony could not

give rise to an actionable § 1983 claim because these defendants are private persons who did not act

under color of state law. The district court further held that to the extent that any of these defendants

filed or participated in a civil action against Plaintiff Dallas for his lack of qualifications or for his

failure to perform the construction contract, these acts did not convert these defendants into persons

acting under color of state law. The district court therefore concluded that Plaintiffs' § 1983 claims

against these defendants lacked merit as a matter of law. The court also concluded that these

defendants' mere participation in a state legal proceeding, without more, did not constitute a

-4-

conspiracy under § 1983 or § 1985(3). The court stated that "[t]he state charge against Plaintiff Dallas and the state inspector's halt of the construction project reflect that the state court actions against the Plaintiff Dallas had substantial merit."

As to Plaintiffs' claims against the public official defendants, the court held that Plaintiffs failed to plead a cognizable conspiracy claim under § 1985(3), and that Plaintiffs' § 1986 claim likewise failed. Additionally, the court noted that a violation of state law does not violate § 1983 if the state statute demands purely discretionary duties. The court noted that state officials do not owe a general duty to protect a citizen. Regarding any property loss, the court held that such a loss does not state a claim that is cognizable under the due process clause.

The district court also held (mistakenly) that because Plaintiff Dallas was convicted of a criminal offense arising out of this contract dispute, his claims in federal court were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that in order to recover damages under § 1983 for an allegedly unconstitutional criminal conviction or sentence, the plaintiff must first prove that his conviction or sentence has been reversed, expunged, or declared invalid by the state, or called into question by the issuance of a federal writ of habeas corpus). Lastly, the court rejected Plaintiffs' RICO claim, stating that there did not appear to be any distinct "enterprise," but "rather the acts of individuals who pursued state civil and criminal proceedings against the Plaintiff Dallas." The court concluded that there were no factual allegations that these Defendants engaged in a pattern of racketeering that would state a claim for RICO violations.

**C. Case No. 04-0009, Appeal No. 04-5582**

The district court dismissed Plaintiff Dallas's § 1983 claim[3] against Barker on the grounds that she is a private person. The court dismissed Plaintiff's § 1985 claim against Barker because Plaintiff had not alleged a racial or class-based violation of his equal protection rights. The court dismissed the § 1986 claim as derivative of the § 1985 claim.

The district court dismissed the § 1985 and § 1986 claims against public officials Holloway and Jones on the grounds that Plaintiff did not plead a cognizable claim under § 1985(3), and therefore also failed to state a claim under § 1986. The district court dismissed Plaintiff's § 1983 claims on the grounds that these defendants did not owe a duty to protect Plaintiff, that Plaintiff had not stated a cognizable claim for property loss under the due process clause, and that *Heck* barred a § 1983 claim. The court dismissed Plaintiff's RICO claim for lack of factual allegations.

These appeals followed.

## II. Analysis[4]

---

[3]Dallas is the sole plaintiff in this action.

[4]Since this appeal was filed, Plaintiffs-Appellants have dismissed several defendants. On August 11, 2004, Plaintiffs-Appellants entered a stipulation of dismissal as to Appellees Swallows Newman Insurance Agency, Inc., and Angela McCoy Adkins in Appeal No. 04-5584. On January 4, 2005, Plaintiffs-Appellees entered into a civil release of the Putnam County Commissioners Defendants David Randolph, Bob Duncan, Jerry Ford, Andy Honeycutt, Johnnie Wheeler, Joel Cowan, Joe Trobaugh, Bill Rogers, Mark Herren, Jerry Maynard, Bill Walker, and Rick Adkins. Also on January 4, 2005, Plaintiffs-Appellees entered into a civil release with Defendant Jeffrey Jones in Appeal Nos. 04-5584 and 04-5582. An agreed order to reflect the civil releases was filed with this Court on January 10, 2005.

On April 4, 2005, this Court entered an order granting the agreed order, construed as a motion to voluntarily dismiss the foregoing Defendants-Appellees, pursuant to Fed. R. App. P. 42(b).

This leaves before the Court the following Defendants-Appellees: Holmes, the Madewell Defendants, Gibson, David Andrews, Danny Holmes and Mary Holmes, in Appeal No. 04-5584; and Defendants Brenda Barker and Regina Holloway in Appeal No. 04-5582.

**A. Standards of Review**

This Court reviews dismissals pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). In reviewing a dismissal of a complaint for failure to state a claim, we must accept all well-pleaded factual allegations as true. *Lewis v. ABC Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* (internal quotation marks and citation omitted). "'Although th[e] standard for Rule 12(b)(6) dismissals is quite liberal,' the complaint must contain 'either direct or inferential allegations respecting all the material elements' and the allegations must constitute more than bare assertions of legal conclusions.'" *Tahfs,* 316 F.3d at 590 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, (6th Cir. 1998)).

Although courts construe *pro se* complaints liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1989), even *pro se* complaints must satisfy basic pleading requirements. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

As noted, the district court dismissed both complaints pursuant to § 1915(e)(2)(B). The statute provides that

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> . . .
> (B) the action or appeal--
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2)(B) (2004). A district court must dismiss the case, regardless of whether a filing fee has been paid, if the complaint satisfies one of the factors of § 1915(e)(2). *McGore v. Wigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). We review *de novo* a district court's decision to dismiss under § 1915(e)(2). *Id.* at 604.

## B. *Heck v. Humphrey* Ruling

As in initial matter, we must address Plaintiffs' challenge to the district court's ruling that Plaintiffs' § 1983 claims were appropriately dismissed with prejudice in part on the basis of *Heck*. The district court erroneously concluded, based on a misreading of the complaint, that Dallas had been convicted of a criminal offense arising out of this contract. In fact, at the time these federal actions were filed, the state criminal action was ongoing. The criminal proceeding against Dallas was not dismissed until February 1, 2005, well after the briefs in these appeals had been filed. Dallas has filed with this Court a copy of the state order of nolle prosequi. Thus, because at the time of the federal district court actions there was no state criminal conviction (but an ongoing criminal proceeding), Plaintiffs' § 1983 claim was not ripe. *Heck*, 512 U.S. at 486-90; *Dunn v. Tennessee*, 697 F.2d 121, 127 (6th Cir. 1987) (pre-*Heck*; finding that "favorable termination of the prior criminal proceeding marks the point at which a 1983 claim for malicious prosecution accrues"); *White v. Rockafellow*, No. 98-1242, 1999 WL 283905, at *1 (6th Cir. April 27, 1999) (same; holding that the plaintiff's statute of limitations for his § 1983 claim of malicious prosecution did not begin to run until a notice of nolle prosequi was sent, because the criminal proceeding was not terminated in his favor until the prosecutor had filed a notice of nolle prosequi). The district court should have dismissed this action without prejudice. *See Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999) (holding that non-prisoner appellant's civil rights action "must be dismissed without prejudice

until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questioned in a federal habeas corpus petition"); *Dean v. Landrum*, No. 99-6189, 2000 WL 922862, at *2 (6th Cir. June 27, 2000) (order) (dismissing a pre-trial detainee's §1983 action because a charge of aggravated rape was currently pending in state court).

Notwithstanding, we find the error to be harmless, and thus not affecting the substantial rights of the parties, because the actions were otherwise properly dismissed. *See* Fed. R. Civ. P. 61.

### C. Appeal No. 04-5584

### 1. Robert Holmes and Madewell Defendants

As noted, the remaining private party defendants are Holmes and the Madewell Defendants. However wrongful their conduct, Plaintiffs cannot proceed against private parties under § 1983 unless they show that these private persons acted corruptly in concert with state officials. *Tahfs*, 316 F.3d at 590. As a general rule, "a private party's mere use of the State's dispute resolution machinery, without the overt significant assistance of state officials, cannot be considered state action." *Id.* at 591.

Private persons may, however, become state actors for purposes of § 1983 if their conduct is fairly attributable to the state, *see Memphis, Tennessee Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (setting forth three tests for determining whether a private person's conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test), or if there is cooperation or concerted activity between the state and private actors. *Id.*; *see also Tahfs*, 316 F.3d at 590-91; *Hooks v. Hooks*, 771 F.3d 935, 943-44 (6th Cir. 1985) (stating test for proving a civil conspiracy).

In their appeal brief, Plaintiffs claim Holmes "engaged with Putnam [C]ounty District Attorney's office, D.A.'s staff and Sheriff Andrew to perpetrate malicious false prosecution in hopes to gain [sic] wrongful restitution judgement on Plaintiff Dallas," and "further perpetrated other civil rights violation[s]." Plaintiffs' § 1983 claim against Holmes must fail. Plaintiffs have not asserted any facts to show that his conduct can be characterized as fairly attributable to the state under any of the tests articulated in *Tennessee Area Local*, 361 F.3d at 905. Nor have they alleged any specific facts to show that Holmes's involvement in the civil litigation and the criminal prosecution of Dallas was a cooperative or joint effort with state actors to deprive Plaintiffs of their civil rights. Other than general allegations of conspiracy to cause and influence a wrongful criminal prosecution, Plaintiffs make no allegations of joint, concerted activity to deprive Dallas of his civil rights. *See Tahfs*, 316 F.3d at 591-92 (holding that general allegations of corruption fail to satisfy even the minimal notice pleading requirements of the federal rules of civil procedure). Even if Plaintiffs were able to make out a malicious prosecution claim against Holmes and Madewell for filing false charges, they cannot state a § 1983 claim absent joint action by state actors.

Plaintiffs allege that Madewell, acting as Holmes's attorney, "invent[ed] a 'large' claim and . . . [set] an intentional path to create a claim to receive monies not due to Defendants." Plaintiffs also claimed that the Madewell Defendants failed to proffer certain receipts that would have constituted exculpatory evidence, and that "as officers of the court" they had a duty to prevent neglect and to enforce the law.

The claims against the Madewell Defendants are equally frivolous. It is well-settled that a lawyer representing a client is not a state actor "under color of law" within the meaning of § 1983. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318 & n.7 (1998); *Catz v. Chalker*, 142 F.3d 279,

289 (6th Cir. 1998), *amended on denial of reh'g*, 243 F.3d 234 (6th Cir. 2001). Again, there are no specific allegations of conduct fairly attributable to the state for purposes of § 1983 or complicity with state actors to make out a conspiracy claim under § 1983.

Plaintiffs' § 1985(3)[5] and § 1986 claims against Holmes and the Madewell Defendants are equally without merit. "Conspiracy claims under § 1985(3) must be pleaded with the same specificity as conspiracy claims under § 1983." *Saunders v. McGhee*, No. 94-4073, 1995 WL 101289, at *1 (6th Cir. March 9, 1995) (order) (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984)). Plaintiffs' complaint makes broad, conclusory allegations without facts to support a conspiracy theory. Furthermore, Plaintiffs failed to allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus." *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000) (internal quotation marks and citation omitted). Failure to allege membership in a protected class, and discrimination based upon such membership, requires dismissal of Plaintiffs' § 1985(3) claim. *Saunders*, 1995 WL 101289, at *1. Plaintiffs' § 1986 claim also fails because it is derivative of § 1985. *See Bartell*, 215 F.3d at 560; *see also*

---

[5]In their appeal brief Plaintiffs allege that the district court erred in limiting its analysis to § 1985(3), and they assert that their claim is based on "all parts of §1985 that would apply." But the other sections of § 1985 are clearly inapplicable. Section 1985(1) prohibits interference with federal officers in the performance of their duties and is clearly not relevant here. The first clause of § 1985(2) forbids a conspiracy to deter a party or witness in a federal court from attending or testifying in court, punishing parties or witnesses for having attended or testified in federal court or influencing or punishing federal jurors. It is also inapplicable. The second clause of § 1985(2) creates a cause of action against "two or more persons" who "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." 42 U.S.C. § 1985(2). Under this clause, like § 1985(3), a plaintiff must demonstrate that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge*, 460 U.S. 719, 726 (1983). Plaintiffs do not allege membership in a protected class and discrimination based on such membership. They do not have a valid claim under § 1985(2).

*Saunders*, 1995 WL 101289, at *1 (noting that "since § 1986 contains no substantive provisions and was enacted only to enforce § 1985, Saunders's § 1986 claim was properly dismissed").

Plaintiffs' RICO claims against Holmes and the Madewell Defendants are barely coherent and without factual or legal foundation so as to be entirely speculative. As the district court held, Plaintiffs did not allege with any degree of particularity the elements necessary to prevail on a RICO claim. *See, e.g., Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). These claims were properly dismissed for the reasons stated by the district court, and warrant no further discussion here.

### 2. Gibson, Andrews, Danny Holmes and Mary Holmes

Plaintiffs' claims against Gibson are based upon his action in prosecuting Dallas under state law. To the extent that Plaintiffs sued him for money damages in his official capacity, the claim was properly dismissed as barred by the Eleventh Amendment. *See Will v. Mich. Dept. Of State Police*, 491 U.S. 58, 64, 71 (1989). To the extent Gibson is sued in his individual capacity, this action is barred by absolute prosecutorial immunity. It is well-established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). The district court correctly dismissed the claims against District Attorney General William Gibson.

The district court did not address Plaintiffs' state law claims. Having dismissed the federal cause of action, it would have been proper for the court to decline to exercise its supplemental jurisdiction over state law claims. *See Weeks v. Portage County Executive Offices*, 235 F.3d 275,

279-80 (6th Cir. 2000); *Littlejohn v. Cafferty*, No. 02-4311, 2003 WL 22976538, at * 1 (6th Cir. Dec. 3, 2003) (order); 28 U.S.C. § 1367(c)(3).

The district court correctly dismissed Plaintiffs' §§ 1985 and 1986 claims against Gibson, for the reasons set forth above regarding Holmes and the Madewell Defendants.

In their amended complaint, Plaintiffs asserted that Defendants David Andrews, Danny Holmes, and Mary Holmes somehow participated in an alleged conspiracy by not enforcing the law and by not invoking their powers to stop the criminal prosecution. Plaintiffs further allege that Danny and Mary Holmes[6] sent e-mails that "threaten[ed] bodily harm and death by words and images."

As the district court held, Defendants owe no general duty to protect citizens absent a special relationship with a citizen. *DeShaney v. Winnebago County Social Servs.*, 489 U.S. 189, 197-202 (1989). As for the e-mails, this allegation is patently frivolous. The e-mails, which are attached to the complaint (attachment N & Q) show nothing threatening. Attachment N is a letter from Robert Holmes to Plaintiff and not from Danny or Mary Holmes. Attachment Q is from Robert Holmes and consists of vacation pictures Robert sent to his brother Danny. It is unclear why Robert forwarded these to the Plaintiffs. In short, these claims are frivolous.[7]

---

[6]Danny Holmes is Defendant Robert Holmes' brother. Mary Holmes is Defendant Robert Holmes' sister-in-law.

[7]In examining the e-mails, dismissal in this case is based on matters outside the pleadings. However, Plaintiffs can claim no prejudice here, because they filed a motion for summary judgment and thus were on notice that the district court could consider matters outside the pleadings.

Plaintiffs' §§ 1985 and 1986 claims fail to allege race or class-based animus. Finally, Plaintiffs' civil RICO claim contains no factual allegations whatsoever and was therefore properly dismissed as entirely speculative.

### D. Appeal No. 05-5582

#### 1. Barber

Plaintiff's § 1983 claim against Barber stems from her employment as a court reporter in the state civil action between Holmes and Dallas. Dallas alleges that Barber willfully destroyed deposition tapes and deleted deposition transcript while the state civil and criminal proceedings were underway.

As the district court held, this claim is frivolous. Barber is a private person not subject to suit pursuant to § 1983. The complaint states only conclusory allegations of "joint action" under § 1983, and is therefore insufficient for the reasons discussed above.

#### 2. Holloway

Plaintiff's claims against Holloway arise out of her employment as a state investigator. Dallas claims that Holloway received exculpatory evidence from Dallas but failed to investigate and prevent the criminal prosecution against him, and further allowed evidence to be destroyed. Specifically, Dallas alleges that Holloway "willfully neglected her duty in order to further the conspiracy with the other Defendants when they acted in conjunction with Defendant Holloway to produce, and construct, false charges and maliciously prosecute Plaintiff Dallas."

To the extent that Holloway is sued under § 1983 in her official capacity for money damages, the suit is barred because Holloway is a state employee. To the extent Dallas is suing Holloway in her individual capacity, the claim fails because, as stated above, she owed no duty to Dallas under

*DeShaney*. Further, Holloway was not responsible for making the decision to prosecute Dallas. As for the exculpatory evidence, it is clear that Dallas has the information, because he admittedly turned it over to Holloway. Finally, the § 1983 conspiracy claim was properly dismissed because it contains merely general allegations of conspiracy. *See Tahfs*, 316 F.3d at 591-92 (holding that §1983 claim was properly dismissed because general allegations of corruption fail to satisfy even the minimal notice pleading requirements of the federal rules of civil procedure).

Plaintiff's §§ 1985 and 1986 claims were properly dismissed because they failed to allege a racial or class-based animus. Lastly, Plaintiff's RICO claim fails because it is entirely speculative and conclusory.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED**, with the exception of Plaintiffs' state law claims. On **REMAND**, the district court is directed to dismiss those without prejudice.