R. GUY COLE, JR., Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s conclusion that Cramer’s claims are meritless. I disagree, however, with the district court’s imposition of Rule 11 sanctions and the majority’s conclusion to affirm the same.
As the majority observes, private persons may be held liable under § 1983 if they jointly engage with state officials in a prohibited action. See Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir.2003). “Allega *429 tions in a plaintiffs complaint that a private citizen-defendant acted corruptly in concert with a state official may be sufficient to make out a claim that, as to the action in question, the defendant is a state actor.” Id. at 591. Although ultimately unavailing, Cramer specifically alleged concerted action in his complaint. Cramer stated that Vitale and Yorkshire “worked in concert” with the City Defendants to deprive Cramer of his constitutional rights by permitting Vitale to post his sign, which did not confoi'm with local ordinances, directly in front of Cramer’s advertisement, completely obscuring it from view. Cram-er also stated that Vitale and the City Defendants “conspired against” him because they did not approve of the “look” of Cramer’s sign. Although Cramer’s state actor argument is tenuous based on the facts of the case, it is not “completely unwarranted by existing law,” nor is it so bizarre to be considered frivolous, particularly in light of the egregious placement of Vitale’s sign. See Tahfs, 316 F.3d at 594.
Further, I cannot agree with the imposition of Rule 11 sanctions on the ground that Cramer’s claims lacked evidentiary support, because Defendants filed their motion for sanctions well before close of discovery.
Because Cramer’s allegations were not unreasonable under the circumstances, I would conclude that his action did not warrant Rule 11 sanctions.