**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1212n.06

**No. 10-3924**

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**FILED**

*Nov 26, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ROBERT C. WOMBLE, II, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ERIC H. HOLDER, JR., U.S. Attorney | ) | SOUTHERN DISTRICT OF OHIO |
| General, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  COOK and WHITE, Circuit Judges; SHARP, District Judge.[*]

COOK, Circuit Judge.  Plaintiff Robert Womble appeals the dismissal of his *Bivens* suit against defendants Eric H. Holder, Jr., Attorney General of the United States; Harley G. Lappin, Director of the Federal Bureau of Prisons; Kim M. White, Regional Director, Federal Bureau of Prisons; and John Does I through X.  We AFFIRM.

I.

Womble filed his *Bivens* action against the defendants in their individual and official capacities, alleging a violation of his speedy-trial rights, and demanding compensatory and punitive

---

[*]The Honorable Kevin H. Sharp, United States District Judge for the Middle District of Tennessee, sitting by designation.

damages of approximately $350,000.00 dollars. Womble perfected service on Holder and Lappin but did not serve the United States. After the expiration of 120 days from the filing of Womble's complaint, the district court issued an Order to Show Cause ("Show Cause Order"), citing Rule 4(i) and fully explaining its requirement of service on the United States. The court's Show Cause Order notified Womble that it proposed to dismiss the complaint subject to receiving, within 20 days, Womble's response addressing why the complaint should not be dismissed for failure of service of process. After more than a month without a response from Womble, the district court dismissed his claim without prejudice.

Womble now appeals, arguing that, because he properly served Holder and Lappin, the district court erred by not affording him a reasonable time to cure his failed service on the United States, as Rule 4(i)(4) mandates.

II.

We review for abuse of discretion a district court's dismissal of a complaint for insufficiency of process, *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), reversing only where the record discloses "a clear error of judgment." *Tahfs v. Proctor*, 316 F.3d 584, 593 (6th Cir. 2003) (quoting *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991)).

Rule 4(i) dictates process-serving requirements for actions against federal officers and employees. Beyond personal service on named federal officers, the Rule also calls for separate

service on the United States by (1) personal or mail service of the summons and complaint on the United States Attorney in the district in which the action is filed, and (2) mailing a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1).

Womble complains that, given his perfected service on Holder and Lappin, Rule 4(i)(4) required the district court to "allow . . . a reasonable time to cure [the] failure to . . . serve the United States." Yet Womble never raised the cure provision in the district court, despite the court's ordering Womble to show cause why his complaint should not be dismissed. The Show Cause Order provided Womble both with time to cure by serving the United States and time to request further time to cure. During this 20-day period, however, Womble neither asked for time to cure, nor cured. In fact, Womble did nothing in response to the court's Order other than refile the records showing service on Holder and Lappin.

Having failed to raise the cure provision under Rule 4(i)(4) when given an opportunity to do so, Womble cannot now claim error in the Court's failure to grant additional time to cure.

Discerning no abuse of discretion, we AFFIRM the judgment of the district court.