41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce Allen PATULSKI, Plaintiff-Appellant,
v.
TOWNSHIP OF STRONACH, Defendant-Appellee.
 No. 94-1431.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Bruce Allen Patulski, proceeding without benefit of counsel, appeals a district court judgment granting summary judgment to the defendant dismissing his complaint filed pursuant to 42 U.S.C. Secs. 1981 and 1982. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive relief, Patulski brought suit to prevent the Township of Stronach from vacating an alleyway that abuts his property. The defendant is a governmental entity of the state of Michigan located in Manistee County. The defendant initiated a complaint in July 1993 in the Manistee County Circuit Court in which it sought to vacate the alleyway. Patulski filed a response in the state court and subsequently filed the immediate complaint. In his complaint purporting to represent a class of plaintiffs, Patulski alleged that the Township's conduct violated his rights protected under the First and Fourteenth Amendments. Patulski also alleged that the Township's action violated 28 U.S.C. Sec. 1343(3) and (4), 42 U.S.C. Secs. 1981 and 1982.
 
 
 4
 Upon review of the defendant's motion for summary judgment and Patulski's response, the district court granted summary judgment in favor of the defendant. In his timely appeal, Patulski reasserts the claims set forth in his complaint.
 
 
 5
 Patulski originally purported to represent a class of similarly-situated plaintiffs. In his appellate brief, he obliquely reasserts that he is representing a class of plaintiffs. Despite his representation, the record clearly reveals that Patulski made no effort to comply with Fed.R.Civ.P. 23 pertaining to class actions. Inasmuch as Patulski did not properly raise this class-action issue in the district court, it will not be addressed on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 The court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252. Patulski failed to meet this standard.
 
 
 7
 The district court properly granted summary judgment to the defendant on Patulski's First Amendment claim. To succeed on his claim, Patulski must prove that the defendant's activity either directly prohibited the plaintiff's speech or was likely to chill his speech. See Laird v. Tatum, 408 U.S. 1, 13-14 (1972). Patulski fails to present significant probative evidence that the Township's suit to vacate the alley will deprive him of his right to freely express himself. To the contrary, if the alley is vacated, Patulski will receive a section of it as private property where he will be free to exercise his rights under the Free Speech Clause of the First Amendment.
 
 
 8
 Patulski also argues that the defendant violated his First Amendment right to petition the government for redress of grievances. Patulski, however, offers no facts in support of his claim. Courts are not required to conjure up unpleaded facts that might turn a frivolous claim into a substantial one. When a complaint omits facts that, if they existed, would clearly dominate the case, it is fair to assume that those facts do not exist. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988).
 
 
 9
 The district court properly granted summary judgment to the defendant on Patulski's Fourteenth Amendment claim. Patulski claimed that the Township's intention to deprive him of use of the alleyway denies him of a protected interest under the Fourteenth Amendment. Patulski's claim is meritless because he admits that he is a party to the state court case. The Township initiated an action in Manistee County Circuit Court seeking to vacate the alleyway. Patulski was named as a defendant in that action and was properly served with a Summons and Complaint. Thus, Patulski is receiving all the process due him through his participation in the state court action. See generally Zinermon v. Burch, 494 U.S. 113, 127-28 (1990).
 
 
 10
 The district court properly granted summary judgment in favor of the defendants on Patulski's claims under 42 U.S.C. Sec. 1981 and 42 U.S.C. Sec. 1982. Patulski claimed that the Township's intent to deprive him of use of the alleyway discriminates against him in violation of Secs. 1981 and 1982 of Title 42. Private and public racial discrimination is redressible under Sec. 1981. In order to assert a claim of discrimination under Sec. 1981, a claimant must demonstrate that the defendant engaged in purposeful discrimination, or otherwise demonstrate the existence of a significant racially disproportionate impact. See Leonard v. City of Frankfort Elec. & Water Plant Bd., 752 F.2d 189, 193 (6th Cir.1985). Similarly, in order to state a claim under Sec. 1982, one must allege intentional racial discrimination. See General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982). Patulski's claim is meritless because he does not contend that the Township's actions were motivated by race.
 
 
 11
 Finally, Patulski's reliance on 28 U.S.C. Sec. 1343(3) and (4) is misplaced. This statute is jurisdictional in nature and does not confer rights on its own.
 
 
 12
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allen Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation