Vincent Darrell ADAMS,
Plaintiff–Appellant,

v.

Geoffrey P. MORRIS, Judge, Honorable Circuit Court Judge; Jennifer L. Frederick, Assistant District Defender, Defendants–Appellees.

No. 03–5413.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2004.

Vincent Darrell Adams, pro se, West Liberty, KY, for Plaintiff–Appellant.

Before SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

*ORDER*

Vincent Darrell Adams, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At the time the complaint was filed, Adams was a pretrial detainee at the Jefferson County Corrections Department. In the complaint, Adams states that during a courtroom hearing, defendant Geoffrey P. Morris, a Jefferson Circuit Court Judge, told him that he could not ask his public defender "stupid questions." Adams alleges that defendant Morris also threatened to make Adams represent himself. Adams claims that these actions violated his First Amendment right of free-

dom of speech, his Sixth Amendment right to assistance of counsel, and his Fourteenth Amendment right to due process of the law. As to defendant Jennifer L. Frederick, Assistant District Defender at the Jefferson District Public Defenders Office, Adams claims that she violated the Sixth Amendment by denying him information about his case and by "embracing a conduct of fraud, decit [sic] and misrepresentation as she violated numerous SCR 3.130 conduct rules." Adams broadly claims that defendant Frederick "also violated [the] Fourteenth Amendment by denying [him] due process of law." Adams states that he filed complaints with the Judicial Conduct Commission and the Kentucky Bar Association against Judge Morris and defendant Frederick, respectively. He reports that he received responses from both organizations in June 2002 "acknowledg[ing] that investigations are being done." Adams sues each defendant in his or her official capacity and seeks monetary and punitive damages. The district court, upon initial screening, dismissed the action against defendant Morris pursuant to 28 U.S.C. § 1915A(b)(1) and (2), and Fed. R.Civ.P. 12(h)(3). The court dismissed the action against defendant Frederick pursuant to 28 U.S.C. § 1915A(b)(1). This appeal followed.

We review de novo a district court judgment dismissing a complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plain-

tiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998). We review de novo dismissals for lack of jurisdiction. *See Greater Detroit Res. Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990).

■ Upon review, we conclude that the district court correctly concluded that defendant Morris is not a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Moreover, a suit against a state official in his official capacity is not a suit against the official but rather a suit against his official office. *Id.* at 70, 109 S.Ct. 2304. The Eleventh Amendment bars a suit against a state or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Kentucky has not waived its immunity. *See Whittington v. Milby,* 928 F.2d 188, 193–94 (6th Cir.1991) (citing *Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)).

■ The district court properly dismissed the complaint against defendant Frederick. Defendant Frederick is not subject to suit under § 1983. A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Therefore, Adams fails to state a § 1983 claim against defendant Frederick.

■ Finally, Adams's complaint essentially asserts that he is being illegally confined by the state. In *Heck v. Humphrey,*

512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87, 114 S.Ct. 2364. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90, 114 S.Ct. 2364; *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id.* at 648, 117 S.Ct. 1584. Moreover, *Heck* applies to suits filed by pretrial detainees. *Alvarez–Machain v. United States,* 107 F.3d 696, 700–01 (9th Cir.1996); *Hamilton v. Lyons,* 74 F.3d 99, 102–03 (5th Cir.1996). Because Adams's confinement has not been remedied by any of the procedures listed in *Heck,* the district court properly found that his claims are not cognizable under § 1983.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.