NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0181n.06
Filed: March 10, 2005

No. 03-2313

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| VICTOR LOMMEN, natural father of Joshua Lommen, a minor; and JOSHUA LOMMEN, a minor, by his natural father Victor Lommen, | ) ) ) ) ) | |
| Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| JOHN FRANCIS McINTYRE, | ) | OPINION |
| Appellee. | ) ) ) ) | |

**Before: MARTIN, GILMAN, and FRIEDMAN, Circuit Judges.[*]**

**RONALD LEE GILMAN, CIRCUIT JUDGE.** Victor Lommen seeks a federal declaratory judgment that he is the "natural father" of Joshua McIntyre-Lommen. His complaint was dismissed after the district court concluded that it lacked subject matter jurisdiction. Because Lommen's notice of appeal from the district court's dismissal was not timely filed, however, we reach only the limited question of whether the district court properly denied his motion for reconsideration. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

---

[*]The Honorable Daniel M. Friedman, Senior United States Circuit Judge with the Court of Appeals for the Federal Circuit, sitting by designation.

John and Kim McIntyre were married in Michigan in 1983. Kim began an extramarital relationship in 1991 with Victor Lommen. While still married and living with her husband, Kim gave birth to a son, Joshua, in December of 1991. The McIntyres eventually divorced and Kim was remarried to Lommen. Lommen then sought custody of Joshua, who Lommen maintains is his son.

Following many years of litigation in the Michigan and Illinois state courts regarding the paternity and custody of Joshua, Victor Lommen filed the present action in May of 2003 in the United States District Court for the Eastern District of Michigan. Based on the results of a DNA test, he asked the district court to (1) declare that Lommen is Joshua's natural father, (2) declare that the relationship between Joshua and Victor is constitutionally protected under the First and Fourteenth Amendments, and (3) order McIntyre not to interfere in the exercise of Victor's and Joshua's federal constitutional right.

Shortly after the complaint was filed, the district court issued an order directing Lommen to show cause why the case should not be dismissed for lack of subject matter jurisdiction. The order noted that, on its face, "[t]he Complaint alleges traditional state law issues and does not invoke the Court's diversity jurisdiction." Lommen responded, arguing that the case was within the district court's federal question jurisdiction because he was seeking to "vindicate [his] constitutional right to what has been called the right of parental autonomy or the right to family integrity under the United States Constitution." Observing that Lommen had "responded by citing several United States Supreme Court cases finding a constitutional right of parental autonomy," the district court concluded that Lommen had properly invoked the court's federal question jurisdiction.

Two days later, however, the district court revisited its earlier jurisdictional finding, stating that "[o]n further reflection, the Court reconsiders that decision *sua sponte*, and finds that there is no constitutional right to have the issue of paternity determined by a federal court." The district court then dismissed Lommen's complaint for lack of subject matter jurisdiction. This order was issued on July 10, 2003.

On August 19, 2003, Lommen filed a "Motion for Reconsideration," in which he argued essentially the same points that he had raised in his earlier response to the court's show-cause order. Finding that the motion was filed "well after" the 10-day period allowed under Rule 59(e) of the Federal Rules of Civil Procedure, the district court denied Lommen's motion on August 20, 2003. On September 19, 2003, Lommen filed a timely notice of appeal from the denial.

Both parties submitted briefs to this court addressing the merits of whether federal question jurisdiction exists when a party asserts a "federal constitutional right of parental autonomy or family integrity." McIntyre also filed a motion to dismiss for lack of jurisdiction, alleging that Lommen's appeal of the underlying matter was untimely. The motion to dismiss was referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. That panel, composed of Judges Martin, Sutton, and Quist, issued an order on June 14, 2004, concluding that Lommen's "notice of appeal from the district court's judgment was not timely." The panel then referred the motion to us for consideration of whether "this court nevertheless may have jurisdiction over the limited issue of whether the motion for reconsideration . . . was properly denied."

## II. ANALYSIS

Lommen did not file his notice of appeal until 71 days after the district court's dismissal of his case for lack of subject matter jurisdiction. The Federal Rules of Appellate Procedure require litigants in civil cases to file a notice of appeal "with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). But certain post-decision motions, including a motion for reconsideration, toll this 30-day period. *Id.* at 4(a)(4). "[A]ny of the tolling motions must be filed within 10 days after entry of the judgment," however, and Lommen's motion for reconsideration was not filed until 40 days after the district court's dismissal of his action. *See Myers v. Ace Hardware, Inc.*, 777 F.2d 1099, 1103 (6th Cir. 1985) (holding that "a post-decision motion only tolls the 30-day requirement if it is timely filed"). Because Lommen failed to appeal the district court's dismissal order within 30 days and because he did not timely file his motion for reconsideration, we are without jurisdiction to hear his appeal from the district court's dismissal of his complaint for lack of subject matter jurisdiction. *See Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) ("A timely notice of appeal is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend.").

In any event, Lommen is essentially seeking a federal declaration that he is Joshua's father, and matters of paternity are for the state courts. *See Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."). We therefore dismiss Lommen's appeal insofar as it challenges the merits of the district court's dismissal of his complaint for lack of jurisdiction.

Lommen, however, contends that we may hear his appeal because he filed a timely notice after the district court's denial of his motion for reconsideration. But McIntyre maintains that we lack jurisdiction in the present case because Lommen's appeal from the district court's denial of a motion for reconsideration "is an appeal from a normally nonappealable order." *See Walker v. Mathews*, 546 F.2d 814, 817 n.1 (9th Cir. 1976); *see also Md. Tuna Corp. v. MS Benares*, 429 F.2d 307, 316 (2d Cir. 1970) (stating that denials of motions for reconsideration "do no more than deny a motion for reargument, and such orders are generally not appealable"). The cases cited by McIntyre, however, predate the Supreme Court's clear pronouncement in *Stone v. INS*, 514 U.S. 386, 401 (1995), that "[t]he denial of the motion [for reconsideration] is appealable as a separate final order." Accordingly, this court has held that appeals from orders denying motions for reconsideration are within our appellate jurisdiction. *See Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995).

In reviewing Lommen's appeal from the district court's denial of his motion for reconsideration, we are mindful that the scope of our appellate review is quite narrow. *Id.* ("On an appeal from the denial of a motion [for reconsideration and] for relief from judgment under Rule 60(b), 'the Court of Appeals may review the ruling for abuse of discretion . . . [, but] an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.'") (*quoting Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978)). We therefore do not reach the underlying dismissal by the district court based upon a lack of subject matter jurisdiction, but instead review the district court's denial of the motion for reconsideration for an abuse of discretion.

The district court dismissed Lommen's complaint for lack of subject matter jurisdiction on July 10, 2003. Lommen filed his motion for reconsideration 40 days later, on August 19, 2003. Because a motion for reconsideration brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must "be filed no later than 10 days after entry of the judgment," we conclude that the district court did not abuse its discretion in denying Lommen's motion as untimely.

When a motion for reconsideration is filed after the 10-day time limitation imposed by Rule 59(e), however, a court may construe the motion as having been filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Peake v. First Nat'l Bank & Trust Co.*, 717 F.2d 1016, 1020 (6th Cir. 1983) (approving the district court's decision to treat an untimely Rule 59(e) motion as a timely motion for reconsideration pursuant to Rule 60(b)). The three-judge panel of this court that first considered McIntyre's motion to dismiss decided that Lommen's motion for reconsideration could properly be construed as a Rule 60(b) motion, and the panel suggested that we consider whether the motion was properly denied by the district court.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Because Lommen's motion does not come within the first five grounds specified in the rule, it presumably falls under subdivision (6), which permits a district court to grant a motion for relief from judgment for "any other reason justifying relief from the operation of the judgment." But a motion under Rule 60(b)(6) may be granted "only in exceptional or extraordinary circumstances." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Lommen's motion for reconsideration does nothing more than restate the arguments contained in his earlier response to the court's show cause order. Although "this approach may be appropriate for an appeal on the merits . . . it fails to establish that the facts of [Lommen's] case are within one of the enumerated reasons contained in Rule 60(b)." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). Because Lommen's motion for reconsideration presented nothing new, we conclude that the district court did not abuse its discretion in denying his motion. *See id.* at 544 (affirming district court's denial of a rule 60(b)(6) motion where the "motion merely rephrases the allegations contained in the complaint and presents no new arguments").

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.