**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0079n.06

No. 11-1790

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jan 22, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HOWARD A. MONIZ, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| MICHAEL COX, | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | **O P I N I O N** |
| _____ | ) | |

**Before:  SUHRHEINRICH, MOORE, and GIBBONS, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**   Plaintiff-Appellant Howard Moniz ("Moniz"), a Michigan prisoner, alleges in this civil-rights suit that Michigan's former attorney general, Michael Cox ("Cox"), violated Moniz's rights by failing to investigate or otherwise remedy a purportedly corrupt and discriminatory towing policy carried out by a private towing company in Monroe County, Michigan.  Moniz asserts that Cox and those he supervises lied in federal court about the asserted towing scam and that Cox failed to correct or prevent misconduct by local prosecutors.  The district court summarily dismissed the complaint for failing to state a claim upon which relief can be granted under any of 42 U.S.C. §§ 1981, 1982, 1983, 1985, or 1986.  We **AFFIRM**.

## I. BACKGROUND

Moniz, a Michigan state prisoner proceeding pro se, brought this civil-rights complaint alleging that Cox violated Moniz's constitutional rights. Moniz alleges that in July 1999, the Erie Township Chief of Police seized Moniz's car and personal property through the use of Star Towing, Inc., a private towing company. *See* R. 1 (Compl. at 2) (Page ID #2). Moniz asserts that this seizure was due to a "corrupt and discriminatory local policy," whereby because Moniz "was very dark skinned and labelled Hispanic the prices were grossly inflated." *Id.* The following day, Moniz was arrested and charged with several crimes, including unarmed robbery, second-degree home invasion, unlawfully driving away in an automobile, resisting a police officer, and fleeing a police officer. *See* R. 5 (Dist. Ct. Order at 2 n.3) (Page ID #25).

Moniz alleges that prosecutors in Erie Township later conspired with Star Towing and with the Erie Township Chief of Police to engage in perjury and to "conceal the corrupt and discriminatory towing policy being inflicted upon people in Monroe County." R. 1 (Compl. at 3) (Page ID #3). Moniz states that he "repeatedly sought the assistance" of Cox "to uncover and correct the corrupt and discriminatory towing policy, and remedy and fix the attorney-prosecutorial misconduct which had concealed it." *Id.* at 4 (Page ID #4). Moniz alleges that Cox failed to investigate or correct both the prosecutorial misconduct and the towing policy, as well as "the illegal and unconstitutional punishments for Mr. Moniz's complaints about same." *Id.* at 5 (Page ID #5). Moniz faults Cox for failing to exercise his supervisory authority to correct the purportedly unlawful towing policy and the alleged misconduct by Erie Township prosecutors. *Id.* at 4 (Page ID #4).

Moniz also makes general allegations regarding misrepresentations made to federal courts by Cox and other unnamed officials over whom Cox has supervisory authority. *See id.*

Moniz filed his complaint in the U.S. District Court for the Eastern District of Michigan on January 10, 2011. The district court summarily dismissed the case, and Cox was never served. Moniz filed various other motions, including a motion to reconsider, motions to disqualify the district judge, a motion for class certification, and a motion to appoint counsel, all of which were denied. Moniz timely appealed. Because Moniz alleges constitutional violations, subject-matter jurisdiction exists under 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

Pursuant to the screening procedures of 28 U.S.C. § 1915A, for civil suits brought by prisoners, a district court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b)(1); *see also* § 1915(e)(2). We review de novo a district court's dismissal under these statutes. *Hill v Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Dismissals for failure to state a claim under § 1915(e)(2) and § 1915A are governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6). *See id.* at 470–71. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain

3

'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). Allegations in a pro se complaint are construed liberally, *see, e.g.*, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), and we "accept[] as true all non-conclusory allegations in the complaint." *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (internal quotation marks omitted).

### III.  SECTION 1983 CLAIM

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts showing that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of state law. *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *see* 42 U.S.C. § 1983. A plaintiff in a § 1983 suit "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In other words, Cox cannot be vicariously liable for the actions of the local prosecutors, or the law-enforcement agents purportedly involved in an illegal towing policy. *See id.* Instead, to state a valid claim for relief, Moniz must allege that Cox was personally involved in the alleged unconstitutional conduct. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).

"The first step in [a § 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). It is not clear to this court what constitutional right Moniz alleges that Cox violated. Moniz expressly asserts on appeal that he is

not alleging any race-based discrimination by Cox that would violate the Fourteenth Amendment. Appellant Br. at 12. From the record, it seems that Moniz asserts that his only claim of racial discrimination relates to the towing policy, which purportedly led to disparate charging for services. *See* R. 7 (Mot. for Reconsideration at 6) (Page ID #54). Moniz also specifically states that he is not claiming that he was unlawfully arrested, or that Cox violated his rights in connection with his criminal trial or conviction, or that his sentence was unlawfully enhanced. *See* Appellant Br. at 10. Accordingly, Moniz does not assert a violation of his Fourth, Fifth, or Sixth Amendment rights in connection with his criminal prosecution.[1] Instead, Moniz appears to be arguing on appeal that Cox, through other government agents under his supervision, "misrepresented and concealed facts and evidence," which resulted in a violation of his right to access the courts. *See* Appellant Br. at 11. However, the constitutional right to access the courts concerns, for example, whether the state "provides th[e] prisoner with either the legal tools necessary to defend himself . . . or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citing *Bounds v.*

---

[1]If Moniz were raising a claim relating to a constitutional violation in connection with his arrest, trial, or conviction, the claim would likely be barred. Insofar as Moniz's complaint alleges constitutional violations which imply that his confinement is illegal, perhaps relating to the allegedly illegal seizure of his vehicle which may have led to an illegal arrest, or relating to the prosecutors' conduct during his criminal trial which may amount to a denial of criminal-procedure rights, those claims cannot be brought through a § 1983 suit absent a claim that Moniz's convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or ha[ve] otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). If Moniz seeks to challenge the fact or duration of his confinement, a challenge falling "within the traditional scope of habeas corpus," such a challenge is not cognizable under § 1983. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007).

*Smith*, 430 U.S. 817 (1977); *Johnson v. Avery*, 393 U.S. 483 (1969)); *see Bounds*, 430 U.S. at 823 (explaining that the constitutional right to access the courts requires states to provide meaningful access for indigent defendants). Moniz's allegations do not address these issues. Thus, it is not clear from the face of the complaint and Moniz's arguments on appeal what constitutional violation by Cox his complaint is concerned with.

Even assuming that Moniz's complaint makes allegations that amount to a constitutional violation, Moniz's complaint fails to state a claim against Cox under § 1983 for several reasons. First, Moniz's claims for damages against Cox in his official capacity cannot succeed. This is because claims against Cox in his official capacity are deemed claims against the State of Michigan, and with respect to damages claims, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Second, the § 1983 claims against Cox in his official capacity for injunctive relief and in his individual capacity fail because Moniz has not presented any specific factual allegations regarding how Cox violated Moniz's constitutional rights. Moniz has alleged that Cox failed to investigate, supervise, and correct misconduct by Erie Township prosecutors, who allegedly were involved in concealing a towing policy that resulted in the seizure of Moniz's vehicle. *See* R. 1 (Compl. at 3–5) (Page ID #3–5). The complaint alleges that Moniz filed complaints with Cox's office regarding the prosecutorial misconduct and the towing policy, but that Cox failed to exercise "supervisory control over Erie Township, the discriminatory Monroe County Towing Policy, and the invasive and endemic prosecutorial misconduct." *Id.* at 5 (Page ID #5).

6

Moniz's allegations relating to Cox's role as a supervisor are that he generally failed to supervise prosecutors purportedly under his direction. "This court has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Further, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation marks omitted). Moniz's general allegations of Cox's failure to supervise and investigate are insufficient to state a claim under these standards. *See id.* (holding that supervisory liability under § 1983 "must be based on active unconstitutional behavior and cannot be based upon a mere failure to act" (internal quotation marks omitted)). In sum, we agree with the district court that Moniz's complaint fails to state a claim under § 1983 against Cox.

## IV. CLAIMS BROUGHT UNDER §§ 1985 AND 1986

To succeed on a claim brought under 42 U.S.C. § 1985(3), "a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir.

7

1994). The plaintiff must allege that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *see Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993); *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) ("To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it.").

Moniz has not alleged any facts indicating that Cox's actions were motivated by any racially discriminatory animus or animus based on national origin. On appeal, Moniz denies that there was any racially motivated conspiracy, arguing: "Plaintiff did not claim Defendant Cox discriminated against him because of his race, or any other classification." Appellant Br. at 12; *see id.* at 9 ("[I]n reality, the only actual discrimination the Plaintiff alleged was disparate charging for services."). Accordingly, Moniz's complaint fails to state a claim under § 1985 because he has not alleged any race or class-based discriminatory animus on the part of Cox.[2] Because Moniz has failed to state a claim under § 1985, his claim under § 1986 likewise fails. *See Braley v. City of Pontiac*, 906 F.2d

---

[2]Moniz does not specify which subsection of § 1985 he believed Cox's actions violated, and the district court assumed Moniz's claim arose under § 1985(3). Subsection (1) is inapplicable, because Moniz's complaint does not address a conspiracy that prevented an officer from performing his duties. *See* 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable, because Moniz does not allege that Cox conspired with others to intimidate or deter witness testimony, or to influence a juror. *See* § 1985(2). However, Moniz may have intended to bring his claim under the second clause of § 1985(2), which "prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006). Even if Moniz intended to bring his claim under § 1985(2), the claim would fail, because under the second clause of § 1985(2), like under § 1985(3), a plaintiff must allege "that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Kush v. Rutledge*, 460 U.S. 719, 726 (1983)); *see Dallas v. Holmes*, 137 F. App'x 746, 752 n.5 (6th Cir. 2005).

220, 227 (6th Cir. 1990) ("Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986.").

## V.  SECTION 1981 CLAIM

Moniz alleges that Cox is liable under § 1981 for "concealing and misrepresenting the obstructions, pains, penalties, censorship, and punishments Mr. Moniz has been subjected to for his complaints about the corrupt and discriminatory towing policy carried out in Monroe County, Michigan." R. 1 (Compl. at 6) (Page ID #6).  Section 1981 "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006); *see* 42 U.S.C. § 1981.  To state a claim under § 1981, a plaintiff must plead, among other things, that "he belongs to an identifiable class of persons who are subject to discrimination based on their race" and that "the defendant intended to discriminate against him on the basis of race." *Amini*, 440 F.3d at 358; *see Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (holding that a violation of § 1981 requires purposeful race discrimination).  Racial discrimination includes discrimination on the basis of "ancestry or ethnic characteristics," although it does not include discrimination based "solely on the place or nation of [plaintiff's] origin." *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).  Moniz's complaint fails to state a claim against Cox under § 1981 because it does not contain specific factual allegations that Cox intentionally discriminated against Moniz based on his race or ethnic characteristics.  Accordingly, the district court did not err in dismissing this claim.

## VI.  SECTION 1982 CLAIM

Section 1982 prohibits racial discrimination relating to certain interests in real and personal property. *See* 42 U.S.C. § 1982; *United States v. Brown*, 49 F.3d 1162, 1166–67 (6th Cir. 1995). A § 1982 claim, like a claim under § 1981, requires that a plaintiff plead racial animus. *Allen v. Louisville City Police Dep't*, 972 F.2d 346, No. 91-6277, 1992 WL 168097, at *2 (6th Cir. July 17, 1992) ("It is well-settled that one must plead and prove racial animus to succeed on a section 1982 claim." (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968); *Greene v. City of Memphis*, 535 F.2d 976 (6th Cir. 1976))); *see also Patulski v. Twp. of Stronach*, 41 F.3d 1507, No. 94-1431, 1994 WL 659192, at *2 (6th Cir. Nov. 22, 1994) ("[I]n order to state a claim under § 1982, one must allege intentional racial discrimination. [Plaintiff's] claim is meritless because he does not contend that the Township's actions were motivated by race.") (citation omitted). Moniz has not made any factual allegations regarding race-based discrimination by Cox. Vague allegations that Cox failed to investigate or correct an allegedly "discriminatory towing policy" do not provide any basis for inferring that Cox acted to discriminate against Moniz on the basis of race. *See* R. 1 (Compl. at 4) (Page ID #4). The district court thus correctly dismissed Moniz's § 1982 claim.

## VII. DENIAL OF OTHER MOTIONS

Moniz also appeals the district court's denial of his motion for reconsideration, his motions to disqualify the district judge, and his motions for class certification and to appoint counsel. We find no error in the district court's denial of these motions.

According to the Eastern District of Michigan Local Rule 7.1(h), in order for the district court to grant a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by

which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3); *see Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). Here, the district court found that Moniz "simply is attempting to re-argue [] issues which were already ruled upon by the Court when it dismissed his Complaint," and thus denied the motion to reconsider. R. 14 (Dist. Ct. Order at 3) (Page ID #129). This court has stated that a district court does not abuse its discretion in denying a motion to reconsider where the motion "merely raise[s] arguments that were already ruled upon." *Graham*, 358 F.3d at 385; *see also Lommen v. McIntyre*, 125 F. App'x 655, 659 (6th Cir. 2005) (holding that it was not an abuse of discretion to deny a motion for reconsideration where the motion "presented nothing new" and merely rephrased allegations in the complaint). There was no abuse of discretion in the district court's denial of Moniz's motion, because the motion did not demonstrate a palpable defect, and merely re-hashed arguments already ruled upon by the court in its order dismissing the case.

The district court also did not abuse its discretion in denying Moniz's motions for disqualification of the district judge. *See United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (applying an abuse-of-discretion standard). "[A] judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality," as determined from an objective standpoint. *Khan v. Yusufji* (*In re Khan*), 751 F.2d 162, 164 (6th Cir. 1984). "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *United States v. Story*, 716

11

F.2d 1088, 1090 (6th Cir. 1983) (internal quotation marks omitted).  Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Moniz did not present any factual basis, other than adverse judicial rulings, that would create a reasonable basis for doubting the judge's impartiality.  Accordingly, there was no abuse of discretion in the denial of this motion.

Moniz's motions to appoint counsel and for class certification were properly denied by the district court as moot, given the proper dismissal of Moniz's complaint for failure to state a claim.

## VIII.  CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.