NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 05a0169n.06
Filed: March 3, 2005
No. 03-3296

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| ALBERT HODGE | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| *Plaintiff-Appellant,* | ) | STATES DISTRICT COURT |
| | ) | FOR THE NORTHERN DISTRICT |
| v. | ) | OF OHIO AT CLEVELAND |
| | ) | |
| CITY OF ELYRIA, *et al,* | ) | OPINION |
| | ) | |
| *Defendants-Appellees.* | ) | |
| | ) | |

Before: MERRITT and DAUGHTREY, Circuit Judges, and NIXON, District Judge.[*]

**JOHN T. NIXON, District Judge**. Plaintiff-Appellant Albert Hodge ("Plaintiff" or

"Hodge") appeals the decision of the district court dismissing his claim of excessive force

brought pursuant to 42 U.S.C. § 1983 as untimely. The issue presented for our review concerns

when the statute of limitations on Hodge's excessive force claim began to run. For the reasons

stated herein we hold that the statute of limitations on Appellant's § 1983 claim began to run at

the time of his arrest, when he alleges the excessive force was used against him. As such,

Hodge's claim was brought after the applicable two-year statute of limitations had passed.

Accordingly, we AFFIRM the district court's ruling dismissing Hodge's § 1983 claim as

_____

[*] The Honorable John T. Nixon, United States District Judge for the Middle District of
Tennessee, sitting by designation.

1

untimely.

## I. **BACKGROUND**

Plaintiff-Appellant Albert Hodge was driving his car through an apartment complex in Elyria, Ohio on or about August 12, 2000, when he was stopped by City of Elyria Police Officers Michael Fairbanks and Paul Lesner after he ran a stop sign. Plaintiff was ordered out of his vehicle by the officers. When questioned by the officers, Plaintiff could not answer because he had something in his mouth that appeared to Officer Lesner to be crack cocaine. After the officers asked him what was in his mouth, Hodge turned away from the officers and attempted to swallow the substance in his mouth. Officer Lesner told Hodge to stop and spit it out. Then, after Hodge denied swallowing drugs, he was handcuffed and placed under arrest. While he was handcuffed, Hodge claims he was choked, forced to the ground, and kneed until he coughed up blood. As a result of this alleged assault, Hodge required surgery for fractured ribs and a torn rotator cuff. After being advised of his Miranda rights, Hodge agreed to a urinalysis which tested positive for cocaine.

On October 18, 2000, Plaintiff was indicted in the Lorain County Court of Common Pleas on charges of tampering with evidence, pursuant to Ohio Rev. Code § 2921.12(A)(1), and possession of drugs, pursuant to Ohio Rev. Code. § 2925.11(A). On April 24, 2001, Plaintiff pled no contest to the charges, and was sentenced to probation. On August 27, 2001, Hodge filed a notice of appeal. His conviction was affirmed by the Ohio Ninth District Court of Appeals on February 20, 2002. Hodge then filed the current complaint on August 27, 2002, against the City of Elyria, Elyria Police Chief Michael Medders, and Elyria Police Officers Fairbanks and Lesner (collectively "Defendants"), under 42 U.S.C. § 1983 ("§ 1983"), alleging

2

that the search conducted by the Elyria police was unconstitutional and that the force used in stopping and arresting him was excessive.

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, to which Plaintiff filed a motion in opposition. On January 15, 2003, the district court granted Appellees' motion to dismiss Hodge's unconstitutional search and his excessive force claims. In dismissing Hodge's unconstitutional search claim, the Court relied on the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held, "in order to recover damages for allegedly unconstitutional . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . .." *Heck*, 512 U.S. at 486-87. As the Ohio Ninth District Court of Appeals upheld Hodge's criminal conviction, and that conviction still stands, the district court was correct in stating that Hodge is not eligible for damages related to the search that supported his conviction.

The district court correctly dismissed Hodge's unconstitutional search claim without prejudice, mindful of the fact that if Hodge is able to get his conviction reversed or otherwise expunged in the future, Hodge could then re-assert this claim. In so holding, the lower court relied on *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999), which held that "a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever."

With regard to Hodge's excessive force claim brought pursuant to § 1983, the lower court

found that because Hodge's excessive force claim does not rely on the validity of his conviction, the claim is immediately cognizable. *See Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997). After concluding that *Heck* would not bar Hodge from asserting his excessive force claim, the Court noted that a § 1983 claim in Ohio is governed by a two-year statute of limitations, pursuant to Ohio Rev. Code § 2305.10. The lower court concluded that Hodge's excessive force claim accrued on August 12, 2000, the day that he was arrested, and that as Hodge did not file his complaint until August 27, 2002, his claim was untimely under Ohio's two-year statute of limitations. In so finding, the lower court dismissed Hodge's excessive force claim with prejudice.

Plaintiff has now appealed the lower court's ruling on his excessive force claim, arguing that the district court erred in applying *Heck* to this case. We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003).

## II. DISCUSSION

Plaintiff concedes that his § 1983 claims are governed by Ohio's two-year statute of limitations. The issue before us now is when this statute began to accrue on Hodge's § 1983 claim of excessive force claim. The question of when the statute of limitations beings to run is governed by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (citing *Wilson v. Garcia,* 471 U.S. 261, 268-71 (1985)). "Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Id.* (citations omitted). We must look at when the harm in question occurred, guided by the

4

principle that "a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984) (citing *Briley v. California,* 564 F.2d 849, 855 (9th Cir. 1977)).

Hodge argues in his brief that his permanent injury was not revealed to him until November 2000. We disagree. As the Seventh Circuit has held, when asserting a claim under § 1983 for the use of excessive force, the "injury" occurs on the date of the constitutional injury, the date the allegedly excessive force is used. *Washington*, 127 F.3d at 556-57. Plaintiff claims that on the date of his arrest, August 12, 2000, while he was handcuffed, he was choked and forced to the ground by the arresting officers, and kneed and choked until he coughed up blood. These acts constitute the alleged constitutional injury. Regardless of whether Hodge realized the precise nature or extent of his physical injuries at that time, or not until November 2000, as he asserts, the constitutional injury of excessive force alleged occurred on August 12, 2000.

Plaintiff relies on *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999), and *Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001), and argues that the statute of limitations on § 1983 cases begins to run at the conclusion of the criminal case. Thus, Plaintiff concludes, since his criminal case was not concluded until February 20, 2002 when the Ninth District Court of Appeals upheld his conviction, his claim of excessive force filed August 27, 2002 was timely.

In *Shamaeizadeh*, the Plaintiff Ali Shamaeizadeh sued the police department and officers pursuant to § 1983 alleging an illegal search of his home by state officials, after which Shamaeizadeh and others were charged with drug and weapons crimes. The criminal charges against Shamaeizadeh were eventually dismissed. Shamaeizadeh subsequently filed his § 1983 action, and the district court ruled that his claim was barred by the statute of limitations. A panel

of this court reversed, relying on *Heck*, and held that the statute of limitations did not begin to run until the criminal charges were dismissed. The Supreme Court in *Heck* held, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . ."*Heck*, 512 U.S. at 486-87.

The *Shamaeizadeh* court acknowledged that *Heck* did not address the statute of limitations issue, but found that the concerns underlying the decision in *Heck* led clearly to the proper analysis of this issue. According to the Sixth Circuit, the Supreme Court's ruling in *Heck* evinced a concern that allowing a plaintiff to bring a § 1983 claim for harm whose unlawfulness would render a conviction or sentence invalid would necessarily have the effect of impugning the validity of a future or outstanding criminal conviction. We held in *Shamaeizadeh*, "it is only appropriate that the statute of limitations not begin to run for criminal defendants seeking to file the same § 1983 claims until the disposition of any pending criminal proceedings. After the disposition of the criminal proceedings, if the § 1983 claim may go forward under *Heck*, the plaintiff may seek all damages related to the allegedly illegal search." *Shamaeizadeh*, 182 F.3d at 399.

Plaintiff fails to recognize that the concerns of *Heck* are not implicated by his § 1983 claim alleging excessive force because, regardless of the outcome of the claim, whether the Defendants are found to have used excessive force or not, the validity of Hodge's criminal conviction will not be effected. Hodge's conviction related to drug possession and tampering with evidence, charges wholly unrelated to excessive force. As such, *Heck* does not create a bar

6

to this claim proceeding, and the statute of limitation begins to run as of the date when the plaintiff knew or should have known of the injury which forms the basis of his claims. As stated above, August 12, 2000, the date of Hodge's arrest and the date he claims the officers used excessive force in arresting him, is the date on which the two-year statute of limitations began to run.

Hodge also relies on *Ruff v. Runyon,* 258 F.3d 498 (6th Cir. 2001), in support of his argument that the statute of limitations does not accrue until the final determination of the criminal proceedings.. In *Runyon*, a group of former employees of the United States Postal Service made constitutional tort claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Investigation*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). They asserted that in an internal investigation of possible drug activities, Defendants illegally targeted African-American postal workers, and excluded Caucasian employees from the investigation. Based on information from informants, the Plaintiffs were indicted on multiple drug charges, and pleaded guilty, although believing themselves innocent, to receive lesser charges and fewer counts.

Eventually, the informant was exposed as having wrongly implicated the Plaintiffs, and the charges against them were dismissed. After Plaintiffs brought their *Bivens* and FTCA claims, the Magistrate Judge assigned to the matter dismissed the claims, finding that they were barred by the applicable statute of limitations. The Magistrate Judge concluded that Plaintiffs' claims accrued when they filed their motions to withdraw their guilty pleas in state court, since that was when they knew that the indictments were based on false information. A panel of this court reversed, and held in reliance on the holding in *Shamaeizadeh*, that the statute of

7

limitations will not accrue "until the disposition of any pending criminal charges." *Runyon*, 258 F.3d at 502.

Again, Hodge fails to appreciate the distinction between the situation before us in *Runyon* and that presented by his case. While *Runyon* dealt with a *Bivens* claim rather than a § 1983 claim, we held in *Runyon* that our holding in *Shamaeizadeh*, regarding the accrual of the statute of limitations for § 1983 claims, applies with equal force to *Bivens* claims. In *Runyon* we held that the Plaintiffs' claims began to accrue only after the charges against them were dismissed because prior to that point, Plaintiffs did not "know" of their injury for the purposes of the statute of limitations. Furthermore, in *Runyon*, the Plaintiffs' *Bivens* claim alleged the injury of a wrongful conviction. Clearly, a claim challenging the validity of Plaintiffs' conviction would have the effect of presenting a "collateral attack on pending or outstanding state convictions or sentences," as was the Supreme Court's concern in *Heck*. *Id.* Hodge's excessive force claim, though, does not implicate the concerns of *Heck*. As stated above, regardless of whether Hodge's excessive force claim is successful, there will be no effect on the status or validity of his conviction. Thus, unlike in *Runyon*, here Hodge's § 1983 claim began to accrue when he first knew of the constitutional injury, or August 12, 2000.

## III. CONCLUSION

Plaintiff's § 1983 claim for excessive force does not call into question the validity of his conviction, and as such, is not barred by *Heck*. Accordingly, Hodge's claim began to accrue on the date when he first knew of the alleged constitutional injury, the day of his arrest. Because Plaintiff filed his claim on August 27, 2002, over two years after the incident in question, his claim is barred by Ohio's two-year statute of limitations. The decision of the district court is

8

AFFIRMED.